# United States District Court
# For The Central District of California

ANTHONY WILSON,

    Petitioner,

v.

UNITED STATES OF AMERICA;

    Respondent.

**CV 2:18-09049-ODW**
**CR 2:13-00822-ODW-3**

**ORDER DENYING PETITIONER'S MOTION TO FOR RELIEF UNDER 28 USC 2241 [1]**

On August 10, 2018 a jury found Wilson guilty of conspiring to manufacture and distribute 1 kilogram or more of PCP. He is currently awaiting sentencing.[1] On October 19, 2018 he filed a Petition of Writ of Habeas Corpus pursuant to 28 U.S.C. §2241.

Petitioner raises four claims which he asserts render his incarceration unlawful: Violation of his rights under the Speedy Trial Act; Unlawful Detention; Arrest without Probable Cause; and Illegal Wiretaps. See 28 U.S.C. §2241(c)(3). Each of these claims has been addressed in pretrial motions and rejected. They are therefore preserved for his direct appeal. In addition, they are the subject of pending a motion before this

---

[1] Sentencing is currently scheduled for January 30, 2019. See Minutes at DE-1594.

court.

1.     This Petition is Premature.

28 U.S.C. §2241 provides in part that a prisoner in federal custody purportedly in violation of the constitution or laws or treaties of the United States may seek a writ of habeas corpus under section 2241. A petition for writ of habeas corpus brought under § 2241 is designed to "challenge the manner, location, or conditions of a sentence's execution." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000.)  He has not yet been sentenced therefore § 2241 would appear to be the inappropriate vehicle under which to seek habeas relief.  As a general rule a defendant's exclusive procedural vehicle for testing the legality of his detention is via a motion under 28 U.S.C.§ 2255. There is, however, an exception to the general rule.  Under the so-called escape hatch contained in 2255(e),  a federal prisoner may proceed by way of a petition under § 2241 if, and only if, the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention.  Section 2255(e)  provides:

> An application for a writ of habeas corpus in behalf of a
> prisoner who is authorized to apply for relief by motion
> pursuant to this section, shall not be entertained if it appears
> that the applicant has failed to apply for relief, by motion,
> to the court which sentenced him, or that such court has
> denied him relief, unless it also appears that the remedy by
> motion is inadequate or ineffective to test the legality of his
> detention.

In order to Petitioner to fold himself within the protections of the escape

hatch of §2255(e) he must (1) make a claim of actual innocence; and (2) demonstrate that he has not had an unobstructed procedural shot at presenting that claim. *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). He makes no claim of actual innocence and he can make no showing that he has had no unobstructed shot at presenting his claim. Indeed, now pending before this court is his motion for acquittal and motion for a new trial, currently set for hearing on January 30, 2019. (DE-1613, 1652).

In the updated motion, filed November 2, 2018, he raises the same claims he addresses in his § 2241 motion. In other words, his right and ability to exhaust his review before this court is unexhausted. As noted above, a prerequisite for bringing a 2255 motion is an application "to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." The Court has not yet heard and ruled on his pending motion therefore no claim can be made that he has been "denied relief." There is also no claim that his pending motion is inadequate or ineffective to test the legality of his detention.

Under the plain language of 2255 petitioner must be "under sentence of a court" of the United States. He is not such a prisoner and will not be unless and until he is sentenced on January 30, 2019. This petition is therefore premature and accordingly is DISMISSED.

DATED: December 6, 2018

_____
Otis D. Wright, II
United States District Judge